

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 10, 1952

Honorable Larry O. Cox
Executive Director
Board for Texas State Hospi-
   tals and Special Schools
Austin, Texas

Opinion No. V-1536

Re: Authority of the Board
   for Texas State Hospi-
   tals and Special Schools
   to delegate to its
   chairman the power to
   award construction con-
   tracts upon competitive

Dear Sir:

bids.

Your request for an opinion is as follows:

"We desire the opinion of your office
regarding the legality of the delegation of
certain authority by the Board for Texas
State Hospitals and Special Schools to its
Executive Director and to its Chairman.

"It is necessary that our Board deter-
mine what buildings shall be constructed to
properly care for our inmates. This is done
at a meeting of the Board Members. The
Board directs its Executive Director to ad-
vertise for bids.

"It is the opinion of several of the
Board Members of the Board for Texas State
Hospitals and Special Schools that the Board
may legally delegate to the Executive Direc-
tor the authority to prepare plans and speci-
fications, advertise for bids, fix date for
bid opening, open bids, and have the tabula-
tions thereof ready for action of the Board
in accepting or rejecting the bids at the next
Board meeting.

"It is also the opinion of several of the
Board Members of the Board for Texas State
Hospitals and Special Schools that the Board
may legally delegate to its Chairman the
authority to accept or award bids on construc-
tion contracts, if the contract entered into

is within some reasonable amount (for Example, $75,000.00 to $100,000.00).

"However, there is some doubt among some of the Board Members as to the authority to delegate any duties by the Board; therefore, your opinion is necessary on account of the conflict of opinion.

"Please advise whether or not the Board may legally delegate any of its duties as set out in paragraphs three and four, above."

Section 2 of Article 3174b, Vernon's Civil Statutes, prescribing the powers and duties of the Board for Texas State Hospitals and Special Schools, provides:

"Upon the effective date of this Act, the Governor shall appoint the Board provided in this Act and the Board shall proceed to organize as required by Section 5 of this Act and employ the Executive Director and such other personnel necessary to carry out the provisions of this Act. Effective September 1, 1949, the control and management of, and all rights, privileges, powers, and duties incident thereto including building, design and construction of the Texas State Hospitals and Special Schools which are now vested in and exercised by the State Board of Control shall be transferred to, vested in, and exercised by the Board for Texas State Hospitals and Special Schools.
. . ."

It is noted that the Legislature has placed the duty and power to execute the necessary contracts incident to the construction of hospital buildings in the Board for Texas State Hospitals and Special Schools. Arts. 3174b and 7047c-1, V.C.S.

In 34 Tex. Jur., 459, Public Officers, Sec. 79, it is stated:

"It is a general rule that public duties must be performed and governmental powers exercised by the officer or body designated by law - that they cannot be delegated to others. This is particularly true of duties

which are judicial in their nature, or which call for the exercise of reason or discretion, and which are regarded as a part of the public trust assumed. Thus power given to an officer formally to state or make a certificate of certain facts, which, when stated by him as prescribed, become the evidence of a liability of another person, is a public trust which must be exercised by the person and in the mode prescribed by the law that delegates the authority; and the approval by the officer of a certificate made by a person having no authority to make it is not a compliance with the law conferring the power.

"But a board may delegate ministerial or administrative functions not calling for the exercise of reason or discretion, by appointing agents to perform duties of that character. It cannot, however, confer upon an officer or agent authority which it may not itself exercise."

On the question of delegation of powers it is stated in 67 C.J.S. 373, Officers, Sec. 104:

"An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute. He may, however, delegate the performance of a ministerial act, as where, after the exercise of discretion, he delegates to another the performance of a ministerial act to evidence the result of his own act of discretion."

Also see Horne Zoological Arena v. City of Dallas, 45 S.W.2d 714 (Tex. Civ. App. 1931); Att'y Gen. Ops. O-5292 (1943), V-436 (1947).

Clearly, the awarding of construction contracts involves the exercise of discretion on the part of the Board. Therefore, you are advised that the Board for Texas State Hospitals and Special Schools cannot delegate its power to award construction contracts to the Chairman. Once an award is made by the Board, however, the ministerial act of executing the contract entered into (such as signing the award and the contract form on behalf of

the Board) may be delegated to the Chairman or some other person. Likewise, the preparation of the plans and specifications (after the Board has decided on the nature and location of the building, its size, general design, etc.) the advertisment and tabulation of bids, and other necessary assembling of material from which the Board determines the lowest and best bid may be delegated.

## SUMMARY

The Board of Texas State Hospitals and Special Schools cannot delegate the power to award construction contracts. The ministerial act of signing the award and the contract form may be delegated. Likewise, the preparation of plans and specifications, the advertisement and tabulation of bids, and other necessary assembling of material may be delegated.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:am

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant